**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4105**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

  v.

CEDRIC ANTOINE MCKENITH, a/k/a Antoine Cedric McKenith,

       Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, Chief District Judge. (7:14-cr-00026-D-1)

Submitted: September 30, 2015     Decided: October 8, 2015

Before DUNCAN, KEENAN, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Robert E. Waters, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cedric Antoine McKenith appeals the 180-month sentence imposed by the district court after he pled guilty to selling a firearm and ammunition to a felon, in violation of 18 U.S.C. § 922(d)(1) (2012), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2012). McKenith's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he has found no meritorious grounds for appeal but raising as a potential issue the substantive reasonableness of McKenith's sentence. McKenith has filed a pro se supplemental brief arguing that the district court erred in determining his relevant conduct at sentencing and in applying the Sentencing Guidelines.

The Government has moved to dismiss pursuant to the appellate waiver in McKenith's plea agreement. McKenith argues that the waiver is invalid and does not apply to the claims asserted in his pro se brief. We grant the Government's motion to dismiss and dismiss the appeal.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2012). United States v. Archie, 771 F.3d 217, 221 (4th Cir. 2014), cert. denied, 135 S. Ct. 1579 (2015). A waiver will preclude an appeal of "a specific issue if . . . the waiver is valid and the issue being appealed is within the scope of the waiver." Id. Whether a

2

defendant validly waived his right to appeal is a question of law that we review de novo. United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013).

Our review of the record leaves us with no doubt that McKenith knowingly and voluntarily entered his guilty plea and waived his appellate rights. Although McKenith argues that his waiver is invalid because he was unaware of the facts the district court would find at sentencing, the district court fully explained the sentencing procedures and was not required to make these determinations prior to accepting McKenith's plea. See United States v. Thornsbury, 670 F.3d 532, 538 (4th Cir. 2012) (holding that defendant, through his waiver, "assumed the risk of unforeseen legal errors involving his sentence"). Moreover, the sentencing claims asserted in counsel's Anders brief and McKenith's pro se brief fall within the scope of McKenith's valid waiver.*

---

\* McKenith notes that his waiver reserved his right to appeal from an above-Guidelines sentence and argues that his sentence, which was within the Guidelines range calculated by the district court, exceeded the Guidelines range that would have resulted had his sentencing challenges been sustained. However, McKenith's appellate waiver only reserved "the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing" (Plea Agreement (PACER No. 69) at 1-2), not the right to appeal from a sentence in excess of the Guidelines range that McKenith believes is applicable. Moreover, the waiver expressly stated that it encompassed "any issues that relate to the establishment of the advisory Guideline range." (Id. at 1).

3

Pursuant to <u>Anders</u>, we have reviewed the entire record for any unwaived meritorious grounds for appeal and have found none. Accordingly, we grant the Government's motion to dismiss and dismiss the appeal. This court requires that counsel inform McKenith, in writing, of his right to petition the Supreme Court of the United States for further review. If McKenith requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McKenith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>